IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NINA TAYLOR, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 2:11-CV-57-JRG |
| | § | |
| TURNER INDUSTRIES GROUP, LLC | § | |
| AND TURNER INDUSTRIES, LLC, | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Nina Taylor *et al.*'s ("Plaintiffs") Emergency Motion to Compel Responses to Discovery Requests (Dkt. No. 133), filed August 12, 2012. The motion is **DENIED**.

The rules of discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County Sch. Dist.,* 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000)); *see also Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000). The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("Federal Rule of Civil Procedure 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). The moving party bears the burden of showing that the materials and

information sought are "relevant to any party's claim or defense" or "appear[] reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1); *Knight*, 241 F.R.D. at 263.

In determining whether a motion to compel has been timely filed, most courts look to the discovery deadline rather than the motion-filing deadline. *See, e.g.*, *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 661 (S.D. Tex. 2009); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 396-98 (N.D. Tex. 2006) (citing cases). A motion to compel must be filed sufficiently in advance of the Court's discovery deadline to permit the Court to hear the motion and, if granted, for discovery to complete by the deadline. *See, e.g.*, *Grey v. Dallas I.S.D.*, 265 Fed. Appx. 342, 348 (5th Cir. 2008) (finding no abuse of discretion where district court denied a motion to compel discovery when "it was filed on the day of the discovery deadline after an extensive discovery period"). Courts have considered a number of factors when deciding whether a motion to compel is untimely, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.

*See Days Inn Worldwide, Inc.*, 237 F.R.D. at 398; *see also Turnage v. Gen. Elec.*, 953 F.2d 206, 209 (5th Cir. 1992) (finding no abuse of discretion where district court denied plaintiff's request to conduct discovery "given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request [discovery] earlier").

Here, Plaintiffs move to compel the native production of information maintained in Defendants Turner Industries Group, LLC and Turner Industries, LLC's ("Defendants") personnel database system. Plaintiffs admittedly secured an affidavit on September 15, 2010, from a witness who testified to being able to access pay rates and termination information in a

database.  Nevertheless, Plaintiffs argue that Defendants did not disclose—and thus Plaintiffs did not know—that the database contained information beyond payroll data (such as race, gender, and training records) and could be produced in native format.  The availability of such specific information, Plaintiffs further argue, was not discovered until a series of depositions of Defendants' Rule 30(b)(6) representatives held July 26-27, 2012.

Defendants argue, *inter alia*, that Plaintiffs' motion is untimely because Plaintiffs filed their motion more than a week after the Court's August 3, 2012 discovery deadline.  Given that this case has been pending for 18 months, that Plaintiffs have had a year to conduct discovery, and given the impending *Daubert* motion deadline and October trial setting, Defendants argue that granting the motion to compel would prejudice the Defendants and disrupt the Court's schedule.  The Court agrees.

The Plaintiffs' Motion to Compel does not comply with the Court's discovery deadline.  The Court views its deadlines as firm guideposts which all the parties can freely reply upon in the conduct of pending litigation.  Even under Plaintiffs' claim that they did not know of the availability of the specific information in Defendants' personnel database until July 26-27, 2012, Plaintiffs had a reasonable time within which to file their motion before the close of discovery.  Plaintiffs did not file their motion until August 12, 2012, which was more than two weeks after they assert that they first learned details of the database.  Plaintiffs' motion was filed more than one week past the discovery deadline of August 3, 2012.  The Court is persuaded that granting this motion at this time would prejudice Defendants, disrupt the Court's schedule, and communicate the unintended message to others that the Court's deadlines are not reliable.  For these reasons, the Court **DENIES** Plaintiffs' Motion to Compel.

**So ORDERED and SIGNED this 17th day of September, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE